UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

PETER ALLAN,                                            Civil No. 10-157 (ADM/JJK)

       Plaintiff,

v.                                                      **REPORT AND RECOMMENDATION**

ROSEMARY S. LINDERMAN,

       Defendant.

_____

This matter is before the undersigned United States Magistrate Judge on Plaintiff's motion for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 3.) The case has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

Plaintiff is a patient at the Minnesota Sex Offender Program, ("MSOP"), in Moose Lake, Minnesota. He was civilly committed to MSOP, because he was found to be a "sexually dangerous person," and a "sexual psychopathic person," under Minnesota law. See In re Civil Commitment of Allan, No. A09-1607 (Minn.App. Feb. 23, 2010), 2010 WL 608028 (unpublished opinion).

Plaintiff is now attempting to sue Rosemary S. Linderman, who is described as

1

being "self-employed at Psychology Services of Southern Minnesota, LLC." (Amended Complaint, [Docket No. 4], p. 3.[1])  Defendant Linderman allegedly performed a psychological evaluation of Plaintiff in connection with his civil commitment proceedings. (Id.)

According to the amended complaint, Defendant provided evidence at Plaintiff's civil commitment trial – apparently both a written report and in-court testimony.  Plaintiff alleges that Defendant's evidence was inaccurate and misleading in many respects.  He further alleges that the evidence furnished by Defendant was extremely prejudicial, and that his civil commitment was "based heavily" on Defendant's allegedly erroneous and prejudicial evidence.  (Id., p. 12.)

In the present lawsuit, Plaintiff claims that Defendant Linderman violated his federal constitutional rights by presenting false evidence during his civil commitment proceedings.  He specifically claims that –

> "[Defendant's] actions as set forth [in the amended complaint] constitute state and federal constitutional torts of professional malpractice, misrepresentation, malicious prosecution, abuse of process and a violation of plaintiff's 5th Amendment right to due process and 14th Amendment equal protection under the law and plaintiff's 8th Amendment guarantee against cruel and unusual punishment non-exclusively."

(Id.)

Plaintiff is asking the federal court "to strike [Defendant's] evaluation and

---

[1] Plaintiff's original complaint, (Docket No. 1), appeared to be missing one or two pages.  The Clerk's Office called this apparent omission to Plaintiff's attention, and he elected to file an amended complaint, which he was permitted to do, "once as a matter of course," pursuant to Fed. R. Civ. P. 15(a).  Thus, the matter is presently before the Court on Plaintiff's amended complaint, (Docket No. 4).

testimony from the [state court] record." (Id.) He is seeking a judgment that would cause Defendant's "complete evaluation" of Plaintiff to be declared "null and void" and "stricken from the record." (Id., p. 13.) He is also seeking "compensatory and punitive damages in the amount of $250,000.00." (Id.)

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In this case, Plaintiff has failed to state a cause of action, because his claims are barred by the principles discussed in Heck v. Humphey, 512 U.S. 477 (1994).

In Heck, the Supreme Court re-affirmed the longstanding rule that prohibits a state detainee from challenging the legality of his confinement in a federal civil rights action. According to Heck –

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., [a civil rights] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.... [T]he district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted).

Even when a plaintiff demands only money damages, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or

confinement." Heck, 512 U.S. at 483. See also Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the [prior state court] action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

The Court recognizes, of course, that Plaintiff is not presently challenging a state criminal conviction or sentence, and that he is presently confined pursuant to a civil commitment judgment, not a criminal judgment. However, the principles set forth in Heck are fully applicable to state detainees who are confined by reason of a civil commitment, rather than a prison sentence. See Huftile v. Miccio-Fonseca, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (holding that Heck applies to civilly committed detainees who are confined under California's "Sexually Violent Predators Act"), cert. denied, 547 U.S. 1166 (2006); Banda v. New Jersey Special Treatment Unit Annex, 164 Fed.Appx. 286, 287 (3rd Cir.) (unpublished opinion) (Heck barred civilly committed detainee's lawsuit that challenged the legality of his commitment proceedings, "because a favorable outcome would necessarily imply the invalidity of his confinement"), cert. denied, 547 U.S. 1183 (2006); Talbot v. Loya, No. 4:03CV3400 (D.Neb. 2005), 2005 WL 2765131 at *2 ("[t]he principles and objectives expressed in Heck v. Humphrey apply as well to a person subject to an involuntary civil commitment as to a convicted prisoner serving a sentence"); Nelson v. Suire, No. 4:09CV658 DDN (E.D.Mo. 2009), 2009 WL 1161609 at *2 ("Heck applies where a civil detainee challenges an SVP ["sexually violent predator"] determination in a suit for damages"). See also Coffman v. Blake, 156 Fed.Appx. 863 (8th Cir. 2005) (unpublished opinion) (affirming dismissal of

4

civil lawsuit brought by civilly committed offender, which included claims barred by Heck).

Here, it clearly appears that a judgment in Plaintiff's favor on his current claims for relief would necessarily cast doubt on the validity of his civil commitment. Plaintiff specifically alleges that the judgment in his civil commitment case was "based heavily" on the evidence furnished by Defendant, and he is now seeking an order that would "nullify" that evidence, and strike it from the state court record. Thus, a judgment in Plaintiff's favor in this case, nullifying the evidence furnished by Defendant, would necessarily imply that Plaintiff's civil commitment is legally unsustainable. Simply put, a judgment for Plaintiff in the present case would necessarily indicate that his current confinement must be invalid. Therefore, this case is barred by Heck. See Huftile, 410 F.3d at 1140 (Heck barred sex offender from suing doctor who evaluated him in connection with his civil commitment proceedings, because "the success of [plaintiff's civil rights claim]... would necessarily imply the invalidity of his civil commitment");[2]

---

[2] In Huftile, the Ninth Circuit Court of Appeals reversed the dismissal of the plaintiff's claim for injunctive relief without explanation. 410 F.3d at 1142. This Court recognizes that Plaintiff's current pleading includes a request for "preliminary and permanent injunctions against defendants' [sic] officers, agents, servants, and employees, and those persons in active concert or participation with defendant to prevent even further harm to others." (Amended complaint, p. 13, [emphasis added].) Notwithstanding the ruling in Huftile, the Court finds that Plaintiff's oblique request for injunctive relief does not affect the applicability of Heck. Huftile does not provide any reasoning that could lead this Court to find that Plaintiff's claims for injunctive relief are not Heck-barred. Furthermore, Plaintiff's current claims for injunctive relief are clearly unavailing, regardless of Heck's applicability, because a pro se civil litigant lacks standing to seek relief on behalf of others. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (civil litigant's claims dismissed because he "lacks standing to bring claims alleging mistreatment of others").

Banda, 164 Fed.Appx. at 287 (Heck barred civilly committed sex offender from bringing a civil rights action in which he claimed that "he was involuntarily committed, in violation of his civil rights, based on false information and reports... and deliberate misdiagnoses by defendants").

According to Heck, the present action is premature. Plaintiff cannot maintain a civil action seeking damages, or any other civil remedy, for the alleged deprivation of his rights during his state civil commitment proceedings, without first securing a court order specifically invalidating the judgment entered against him in that case. In other words, he must successfully challenge the civil commitment itself, in a legally appropriate forum and manner, (i.e., a state court action or appeal, or a federal habeas corpus action), before he can seek a civil judgment based on the allegedly wrongful acts of Defendant that purportedly precipitated his civil commitment. Because Plaintiff has not yet satisfied that requirement, his amended complaint fails to state a cause of action on which relief can be granted.[3]

## III. CONCLUSION

In sum, the Court concludes that Plaintiff's amended complaint fails to state a cause of action on which relief can be granted, because his claims are barred by Heck

---

[3] Plaintiff's current complaint cannot be construed to be a habeas corpus petition, and entertained as such, because he has not shown that he has exhausted all available state court remedies, which he must do before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(a) and (b). See also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

v. Humphrey. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this case be summarily dismissed without prejudice, pursuant to § 1915(e)(2)(B)(ii).

Finally, having determined that this case must be summarily dismissed pursuant to Heck, the Court will further recommend that Plaintiff's motion for appointment of counsel, (Docket No. 2), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

**IV. RECOMMENDATION**

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 3), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: March 2, 2010

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **March 17, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party

may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.